DECISION
Defendant-appellant, Alonzo D. Morefield, appeals the decision of the Franklin County Court of Common Pleas to impose a maximum sentence of imprisonment upon his conviction of theft. Appellant was indicted on one count of theft and four counts of forgery. Appellant pled guilty to one count of theft. Appellee dismissed the remaining counts of the indictment. The trial court entered a judgment of conviction and sentenced appellant to eighteen-months imprisonment, which is the maximum authorized sentence.
Appellant appeals, raising one assignment of error:
 THE TRIAL COURT COMMITTED PLAIN ERROR BY IMPOSING THE MAXIMUM ALLOWABLE SENTENCE WITHOUT SPECIFICALLY FINDING THE FACTORS SET FORTH IN R.C. 2929.14(C).
A trial court has discretion to impose the maximum authorized prison sentence on an offender if it finds that the offender committed the worst form of the offense or poses the greatest likelihood of committing future crimes. R.C. 2929.14(C). Furthermore, a trial court imposing the maximum authorized sentence on an offender must explain its findings. R.C.2929.19(B) (2) (d); State v. Edmonson (1999), 86 Ohio St.3d 324,328. As an aid to appellate review, the better practice would be for the trial court to set forth its explanations in the judgment entry. State v. Hess (May 13, 1999), Franklin App. No. 98AP-983, unreported (1999 Opinions 1194, 1196). At a minimum, the record must reflect the trial court's explanations. Edmonson, at 329. We may remand a case for resentencing if we conclude that the trial court failed to make the requisite findings and explanations. See Edmonson, at 329.
In this case, the trial court acknowledged appellant's extensive criminal history, which mostly consisted of theft offenses. The trial court recognized that appellant received previous sanctions for his convictions, which included imprisonment. The trial court concluded that appellant has not responded favorably to his previous sanctions because he continues to commit crimes. We conclude that such indications satisfy the requirement that the trial court both find and explain its findings that appellant poses the greatest likelihood of committing future crimes. In so concluding, we acknowledge that the trial court's record during the sentencing hearing is not a model of clarity. However, a trial court is not required to invoke the talismanic words of the sentencing statute when making its findings. State v. Fincher (Oct. 14, 1997), Franklin App. No. 97AP03-352, unreported (1997 Opinions 4287, 4297).
Accordingly, we overrule appellant's single assignment of error and affirm the judgment of the trial court.
Judgment affirmed
LAZARUS, P.J., and YOUNG, J., concur.
YOUNG, J., retired, of the Tenth District Court of Appeals, assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution.